FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

98 DEC -1 PM 2: 25

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| IN RE: | |
| DUSTY SHANE LEETH,<br>    Debtor | CIVIL ACTION NO.<br><br>CV-98-AR-2059-E |
| DUSTY SHANE LEETH, | |
|     Appellant | |
| vs. | |
| TONY ROBERT SAMPSON, | |
|     Appellee | |

ENTERED
DEC 1 1998

### ORDER

This is an appeal from the bankruptcy court's finding in an adversary proceeding (1) that the debtor, Dusty Shane Leeth, was intoxicated at the time the vehicle he was driving collided with the vehicle owned and occupied by plaintiff, Tony Robert Sampson; and (2) that the state court judgment in the sum of $80,000 against Leeth in favor of Sampson was for personal injury and therefore constitutes a non-dischargeable debt under 11 U.S.C. § 523(a)(9). The parties not only submitted briefs, as required, but the court heard oral argument and explored with counsel the problems inherent in the procedural posture of the case.

As the court stated in open court during oral argument, it has no doubt about the adequacy of the evidence upon which the

1

bankruptcy court made its finding of intoxication sufficient to deny discharge for personal injury proximately caused by the intoxicated debtor. The problem arises as a result of the state court's failure to provide special jury interrogatories or verdict forms by which the jury could have awarded Sampson's wife, who was a separate plaintiff, a separate judgment for her alleged loss of consortium, and by which the jury could have distinguished between Samson's claim for personal injury and his claim for property damage, namely, the loss of his vehicle which was "totaled" in the accident. The jury returned a general verdict of $80,000 in favor of plaintiffs jointly, but Mrs. Sampson chose not to proceed in the bankruptcy court and is thus personally barred.

    The bankruptcy court did not try *de novo* either the issue of liability or, if Sampson suffered personal injury, the amount to be recovered for personal injury. Instead, the bankruptcy court simply found from the evidence that the debtor was intoxicated at the time of the accident and correctly accepted the jury's $80,000 as the maximum amount Sampson could claim in the adversary proceeding. The fact that Mrs. Sampson has foregone her claim against Leeth, in effect, leaves the entire $80,000 state court and bankruptcy court judgments owned by Sampson, her husband. There was no attempt in the adversary proceeding to differentiate between that portion of the $80,000 jury verdict, if any, that represented an award for Sampson's personal injury, that portion, if any, that

2

represented Mrs. Sampson's loss of consortium, and that portion, if any, that represented compensation for the diminishment in the fair market value of Sampson's automobile. If there had been proof offered in the adversary proceeding upon which the bankruptcy court could have second-guessed the jury or substituted its judgment for that of the jury, the bankruptcy court might or might not have done so. Without such proof, however, the bankruptcy court refused to speculate and instead implicitly, if not expressly, indulged a presumption that the entire verdict represented compensation for Sampson's terrible personal injuries, which at today's values for casualty insurance company settlement purposes, would likely exceed $80,000.

The dilemma in which the bankruptcy court found itself, and in which this court finds itself, is manifested by the following question: "What are the alternatives, if any, to a determination that the entire $80,000 jury verdict in favor of Sampson is non-dischargeable?" There seem to be only three possible alternative answers: (1) that because there was some unascertained and unproven portion of the verdict that necessarily represents property loss and/or loss of consortium, the $80,000 should be reduced by some arbitrary amount representing the court's guesstimate of the value of an older model automobile and the wife's loss of consortium; or (2) that the entire $80,000 judgment be discharged by Leeth's bankruptcy despite his intoxication; or (3) that the case be

3

remanded to the bankruptcy court for further evidentiary hearing and an ascertainment of an appropriate amount to be subtracted from the $80,000. The answer provided by the bankruptcy court, while somewhat anomalous, is more fair and more logical than either of the above three alternative answers, especially when the debtor made no effort in the bankruptcy court to prove an amount for the automobile damage or an amount for the loss of consortium. Therefore, the bankruptcy court order will be affirmed by separate order.

DONE this 1st day of December, 1998.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE